**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:09-0320-08** |
| | **CIVIL NO. 6:15-2794** |
| **VERSUS** | **JUDGE DOHERTY** |
| **FELTON HOPKINS** | **MAGISTRATE JUDGE HANNA** |

**REPORT AND RECOMMENDATION**

Before the court is is the Motion to Correct Illegal Sentence filed by petitioner, Felton Hopkins, pursuant to 28 U.S.C. § 2255. [rec. doc. 923]. This matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

**STATEMENT OF CLAIM**

On December 9, 2009, Hopkins was named in a multi-count indictment. [rec. doc. 3]. On November 18, 2010, he plead guilty to Counts Six and Seven of the Indictment charging Hopkins with use of a communication facility in causing or facilitating a drug trafficking crime, in violation of 21 U.S.C. § 843(b) and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). [rec. docs. 312 and 313].

Petitioner appeared for sentencing on July 9, 2012, at which time petitioner was sentenced to four years (48 months) on Count Six and ten years (120 months) on Count Seven, the sentences to run concurrently. [rec. doc. 622]. Petitioner's

Judgment of conviction was entered on this Court's docket on July 13, 2012. [rec. doc.623].

Petitioner did not directly appeal his conviction and sentence. The instant Motion was signed on November 30, 2015, postmarked on December 2, 2015 and filed by the Clerk of this Court on December 4, 2015. Petitioner asserts that his sentence violates the principles set forth in *Johnson v. United States*, - - U.S. - - , 135 S.Ct. 2551 (2015) and that he received ineffective assistance of counsel at sentencing because counsel failed to object to the use of a prior distribution of cocaine conviction to enhance his sentence under the ACCA when the details of the crime were unavailable and hence, not proven to constitute a qualifying prior conviction.

## LAW AND ANALYSIS

### Untimeliness of the Instant Motion

Title 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of motions pursuant to § 2255. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on July 27, 2012, fourteen days (including holidays and weekends) after petitioner's judgment of conviction was entered on this Court's docket. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Petitioner therefore had one year, or until July 27, 2013 to file his § 2255 Motion

in this Court. The instant Motion was not filed until, at the earliest, November 30, 2015.[1] Thus, it is clear that petitioner's claims cannot be considered under the period established by 28 U.S.C. § 2255(f)(1). Rather, petitioner must rely on one of three statutory exceptions to the general rule which can, in appropriate cases, extend the time for filing a § 2255 motion beyond the one-year period after final conviction. *See* 28 U.S.C. § 2255(f)(2)(3) and (4).

Petitioner does not claim that the Government created an impediment to filing his motion, or that his claims rely on the newly discovered facts which could not have been discovered through the exercise of due diligence. Thus, subsections (2) and (4) are inapplicable.

Rather, petitioner argues that his Motion is timely under subsection (3) because it was filed within one year from the date on which the Supreme Court, in *Johnson*, initially recognized a new rule of constitutional law that he contends is retroactively applicable to cases on collateral review. In *Johnson,* the Supreme Court held that the "residual clause" of the Armed Career Criminal Act to be unconstitutionally vague. However, the Fifth Circuit has recently held that *Johnson* is not retroactively applicable to cases on collateral review. *In re Williams,* - - F.3d - - , 2015 WL 7074261 (5th Cir. 11/12/2015) *citing In re Rivero*, 797 F.3d 986, 988 (11th Cir. 2015). Consequently, *Johnson* does not

[1] Petitioner signed his Motion on November 30, 2015. Accordingly, the Court has given petitioner the benefit of the "mailbox" rule.

provide an exception to the one year limitation period and provides no basis for relief herein. *Id.*

Finally, petitioner is not entitled to equitable tolling. The Fifth Circuit has held that the statute of limitations in § 2255 may be equitably tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) *quoting Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007) ; *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005). Likewise, the Fifth Circuit has held that in order for equitable tolling to apply, the applicant must diligently pursue his relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). The burden of proof concerning equitable tolling is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not met his burden of showing that rare, exceptional or extraordinary circumstances beyond his control prevented him from timely filing his § 2255 Motion. Indeed, the record does not support equitable tolling of the

statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary so as to provide a basis for equitable tolling. Moreover, even if they were, the petitioner has not shown that any extraordinary circumstances prevented him from timely filing his federal *habeas* claims or that he pursued his rights diligently. Accordingly, petitioner is not entitled to equitable tolling.

For the foregoing reasons, the undersigned finds that Felton Hopkins' § 2255 Motion to Correct Illegal Sentence should be denied and dismissed because petitioner's claims are barred by the one-year limitation period.

Accordingly, **IT IS RECOMMENDED** that Felton Hopkins' Motion to Correct Illegal Sentence filed pursuant to Title 28 U.S.C. § 2255 be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation**

**within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*****, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 7th day of December, 2015.

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE: 12/7/2015
BY: EFA
TO: RFD
cg